No. 58,994

In the Matter of MELVIN RALPH WINTERS, JR., *Respondent.*

(717 P.2d 1056)

Opinion filed May 2, 1986.

*Stanton A. Hazlett,* disciplinary counsel, appeared and argued for the disciplinary administrator.

There was no appearance by respondent.

This original action in discipline was filed by Arno Windscheffel, disciplinary administrator, against Melvin Ralph Winters, Jr., of Wichita, an attorney formerly admitted to the practice of law in the State of Kansas.

In December 1979, respondent recovered judgments on behalf of his clients, Yvonne May and David Ware, against one Lowell Lygrisse and others. The May judgment was in the amount of $55,970 and the Ware judgment was $18,060. In the spring of 1981 respondent hired Emery L. Goad, a private investigator, to attempt to ascertain if Lygrisse had any assets subject to execution. Goad discovered substantial assets and repeatedly reported them to respondent and asked respondent to take some action to collect the judgments. Ms. May also contacted respondent repeatedly, asking that he take action to levy upon the available assets of Lygrisse. Respondent did nothing and moved from Wichita in 1982 without advising his clients or making any arrangements for their further representation.

Throughout these proceedings respondent has totally neglected to cooperate with the office of the disciplinary administrator. He failed to respond in any manner to the complaint, failed to appear before the panel of the Board for Discipline of Attorneys after having been notified to do so and failed to appear before this Court when ordered to do so. In addition, respondent has failed and neglected to comply with Supreme Court Rule 208 (235 Kan. cxxvii).

The Board for Discipline of Attorneys found that respondent had neglected a legal matter entrusted to him in violation of DR

6-101(A)(3), 235 Kan. cxlvii, failed to cooperate with the office of the disciplinary administrator, and failed to comply with Supreme Court Rule 208. The Board recommended that respondent be indefinitely suspended from the practice of law in the State of Kansas.

The Court, having carefully considered the record herein, adopts the findings, conclusions and recommendations of the Board for Discipline of Attorneys.

IT IS THEREFORE ORDERED that Melvin Ralph Winters, Jr., be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that the costs herein be assessed to the respondent and that this order be published in the official Kansas Reports.

Effective the 2nd day of May, 1986.